**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CASE NO. 6:18-CR-321-ADA** |
| **ERIC ANZALDUA** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant was found guilty of Count 1: Possession with Intent to Distribute methamphetamine, A Schedule II Controlled Substance – 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count 2: Possession of a Firearm During the Commission of a Drug Trafficking Crime – 18. U.S.C. § 924(c)(1)(A)(i). The Court sentenced the defendant to twenty-seven months incarceration in the Bureau of Prisons as to Count 1 and sixty months in the Bureau of Prisons as to Count 2 to run consecutively, followed by a five-year term of supervised release as to each count to run concurrent. The special conditions include substance abuse treatment and testing, adhere to a search condition, and forego use or possession of any controlled substances without a

valid prescription, a $200.00 special assessment, and a $500.00 fine. The defendant began his supervision on February 26, 2025. On April 4, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his release and seeking a show-cause hearing as to why the defendant's supervised release should not be revoked. The petition alleges the defendant violated the terms of his release in the following instances:

> **Violation Number 1:** The defendant violated Additional Condition, in that, the defendant shall not use or possess any controlled substances without a valid prescription.
>
> **Violation Number 2:** The defendant violated Standard Condition Number 5, in that, the defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change.
>
> **Violation Number 3:** The defendant violated Standard Condition Number 4, in that, the defendant shall answer truthfully the questions asked by the probation officer.

## II. FINDINGS OF THE COURT

At the hearing, the defendant pleaded true to the violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to those violations.

1) The defendant violated the conditions of his supervision as alleged in the petition.

2) The defendant was competent to make the decision to enter a plea to the allegations.

3) The defendant had both a factual and rational understanding of the proceedings against him.

4) The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5) The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6) The defendant was sane and mentally competent to stand trial for these proceedings.

7) The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8) The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9) The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10) The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11) The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12) The defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be continued with the following conditions. The defendant shall participate in the Location Monitoring Program for a term of 120 days. The defendant will be placed on curfew and shall remain at the place of residence

from 10 PM until 6 AM. The defendant shall participate in the Location Monitoring Program with Radio Frequency Monitoring for a period of 120 days. The defendant shall abide by the rules and regulations of the Participant Agreement Form. The defendant shall wear an electronic

monitoring device and follow location monitoring procedures specified by the probation officer. The defendant shall pay for the costs of the program if financially able.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of April, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE